[Nos. 10749, 10750. Department Two. April 28, 1913.]

E. H. SHINN, *Appellant*, v. KEMP & HEBERT *et al*, *Respondents*.[1]

BANKRUPTCY—SALES—DISCHARGE OF LIENS — LIEN ON PROCEEDS. The bankruptcy court may order a sale of the property of the bankrupt free and clear of all incumbrances, which will free the title of a mechanics' lien and transfer the lien to the proceeds, to which the lienholder must resort.

SAME—SALES—PRESUMPTIONS. A sale ordered by a bankruptcy court acting with jurisdiction will be presumed regular in the state courts.

Appeals from judgments of the superior court for Spokane county, Yakey, J., entered April 3, 1912, dismissing, on the pleadings, an action to foreclose a mechanics' lien. Affirmed.

*W. C. Hinman*, for appellant.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for respondents Kemp & Hebert.

MORRIS, J.—Appellant brought this action to foreclose a mechanics' lien on certain counters, shelving, tables and other fixtures in the store of E. Rosenthal, at Spokane. The amount claimed was $1,282. Between the filing of the claim of lien and the commencement of this foreclosure, Rosenthal was adjudged a bankrupt, and the property had been sold by the trustee in bankruptcy, acting under orders in the bankruptcy proceedings. These orders directed the sale to be made free and clear from all incumbrances. At the sale,

[1]Reported in 131 Pac. 822.

Kemp & Hebert became the purchaser. Appellant, when he brought his action, joined the bankrupt, the trustee in bankruptcy, Kemp & Hebert, the purchaser at the bankrupt sale, and the owner of the store building as defendants. The trustee in bankruptcy demurred to this complaint, and Kemp & Hebert answered. Appellant then filed an amended complaint, which differed from the original complaint only in that it set forth the matter of the sale to Kemp & Hebert free and clear from all liens, under the order of the referee in bankruptcy, and made this order a part of his complaint. He also set forth the publication of the notice of this sale, and that, prior to the day of sale, he served upon the trustee and referee in bankruptcy a notice of his claim of lien on the property ordered to be sold. To this amended complaint, dumurrers were filed and sustained. A second amended complaint was then served, which differed in no material respect from the amended complaint. This second amended complaint was, on separate motions of the trustee in bankruptcy and Kemp & Hebert, stricken, and separate judgments of dismissal entered from which appeals have been taken. These appeals, since they present the same question, were consolidated and heard as one.

The only thing to be considered by us is whether, under the allegations of the second amended complaint, a cause of action is stated. We think not. It appears that the property passed into the control of the bankruptcy court before the commencement of the action to foreclose, and that acting under orders issued in the bankruptcy proceeding, the trustee sold the property free and clear from all liens. It also appears that appellant had notice of this sale, as he alleges that, prior to its date, he served his notice of claim of lien upon both the referee and trustee in bankruptcy. That the bankruptcy court acquired jurisdiction over the property cannot be doubted. It is equally clear that it had the power to sell the same free and clear from all liens, thus investing the purchaser at its sale with good title and trans-

ferring the existing lien to the fund derived from the sale. Brandenburg, Bankruptcy (3d ed.), § 1195; *In re Prince & Walter*, 131 Fed. 546; *Houston v. City Bank of New Orleans*, 6 How. 486.

The sale being made under order from a court of competent jurisdiction, we must assume that everything necessary to make the sale regular was done, and that the trustee in making it was proceeding with due regularity.

It is also alleged in the amended complaint that, out of the money obtained by the trustee in bankruptcy, some $35,-000, $1,282, the amount claimed by appellant, was paid for the purpose of satisfying his lien, and appellant now claims a lien upon such sum. There is then a fund in existence created to satisfy appellant's lien, and he should proceed against that fund, to which his lien has been transferred, rather than against these purchasers, who, under a sale from a court of competent jurisdiction, acting so far as we know with due regard to the rights of all parties, have paid full value for the property, and placed in the hands of the trustee sufficient funds to satisfy appellant's lien.

The judgments are affirmed.

CROW, C. J., FULLERTON, MAIN, and ELLIS, JJ., concur.